HAMMOND v. RICKER et al., Municipal Civil Service Com'rs.

(Supreme Court, Special Term, Erie County. February, 1910.)

1. MUNICIPAL CORPORATIONS (§ 148*) — CORPORATION COUNSEL — EMPLOYÉS — DUTIES.

The only officer in the Buffalo corporation counsel's office authorized by law to act in place of the corporation counsel is the city attorney, who is directed by Buffalo City Charter, § 172, to perform such duties in the absence or inability of the counsel to act; the duties of the deputy assistant city attorney being limited to those services which the corporation counsel may assign to him, and the managing clerk being required to keep the records of the office and perform any other duties to which he shall be assigned.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 326; Dec. Dig. § 148.*]

2. MANDAMUS (§ 75*)—CIVIL SERVICE COMMISSION—CLASSIFICATION—REVIEW.

The court has no authority to review a classification of employés by the civil service commission, unless the classification is illegal, in that it amounts to an abuse of discretion.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 75.*]

3. MUNICIPAL CORPORATIONS (§ 216*)—CIVIL SERVICE COMMISSION—CLASSIFICATION OF EMPLOYÉS—CITY ATTORNEY'S STAFF.

An order of the civil service commission of the city of Buffalo, classifying the deputy assistant city attorney, managing clerk, clerk, registrar, and detective as in the competitive class, to be selected after a competitive examination, leaving the city attorney and two assistant attorneys in the exempt class, was not an abuse of discretion.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 578; Dec. Dig. § 216.*]

4. MUNICIPAL CORPORATIONS (§ 216*) — CIVIL SERVICE — CONFIDENTIAL EMPLOYÉS—CLASSIFICATION.

It was improper for the civil service commissioners to classify all the stenographers in the corporation counsel's office as in the competitive class; the counsel being entitled to a secretary or confidential stenographer in the exempt class.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 578; Dec. Dig. § 216.*]

Application by Clark H. Hammond for a writ of peremptory mandamus, requiring reclassification of employés in the office of the Corporation Counsel of the City of Buffalo, against George A. Ricker and others, as Municipal Civil Service Commissioners, etc. Writ granted in part.

Clark Hammond, for the motion.
Adelbert Moot, John W. Ryan, and Ansley Wilcox, opposed.

BROWN, J. By act of the defendants the officers known as deputy assistant city attorney, managing clerk, clerk, registrar, and detective connected with the office of corporation counsel of the city of Buffalo, were in February, 1909, classified under the civil service law (Consol. Laws, c. 7) as being in the competitive class, and such classification became effective April 15, 1909, by the approval of the State Civil Service Commission. By prior action, the position of stenographer in such

office has been classified as being in the competitive class. By this motion the corporation counsel seeks a peremptory writ of mandamus requiring the defendants to reclassify these positions and place them in the exempt class.

It is made the duty of the defendants, as the municipal civil service commission, to classify all appointive offices and positions in the classified service of the city of Buffalo in four classes, to be designated as the exempt class, the competitive class, the noncompetitive class, and the labor class. In making such classifications of such positions in the office of corporation counsel, the defendants are endowed with complete ministerial, executive, and administrative powers, without any restriction, except that they are required to place in the exempt class the deputies of the corporation counsel authorized by law to act generally for and in place of their principal, and they may include in the exempt class all other subordinate offices for the filling of which competitive examination may be found to be not practicable. Under the requirement of placing in the exempt class the deputies in the office of corporation counsel authorized by law to act generally for and in place of the corporation counsel, the position of city attorney and assistant city attorney (2) have heretofore been classified in the exempt class. It is the contention of the corporation counsel that the position of deputy assistant city attorney (2) and managing clerk should be in the exempt class, for the reason that these officers are authorized by law to act generally for and in place of the corporation counsel. It is also the contention of the corporation counsel that the position of deputy assistant city attorney, managing clerk, clerk, registrar and detective, and one stenographer are confidential positions of such a nature that the merit and fitness of applicants therefor cannot with practicability be ascertained by a competitive examination.

While it is provided by law that the positions of deputy assistant city attorney and managing clerk be filled by attorneys and counselors at law, no statute has been cited wherein these officers are authorized to act generally for and in place of the corporation counsel. The only officer of the corporation counsel's staff that appears to be authorized by law to act generally for and in place of the corporation counsel is the city attorney, who is directed by section 172 of the charter to perform the duties of the office of corporation counsel in the absence or inability of that officer to act. The duties of deputy assistant city attorney seem to be limited to those services which the corporation counsel may assign to him, and such services shall be performed under the direction of the corporation counsel. The managing clerk is required, under the direction of the corporation counsel, to have charge of keeping the records required to be kept, and to perform such other duties as the corporation counsel may assign him. Many facts appear in the affidavits presented upon this application establishing that in some instances these officers have acted for and in place of the corporation counsel; but it cannot be found, from all the evidence presented, that either of the two deputy assistant city attorneys or the managing clerk are deputies of the corporation counsel authorized by law to act generally for and in place of that officer.

The municipal civil service commission have, in the exercise of their discretion, decided that the positions of deputy assistant city attorney, managing clerk, clerk, registrar, and detective in the office of the corporation counsel, are not of such a confidential character that the merit and fitness of an applicant cannot be determined by a competitive examination. The authority of the court to review that decision upon this application depends solely upon the question whether that conclusion is illegal. If the commission, in making that decision abused the discretion given it, if it acted without warrant of law, if its decision violates the law, if to say that the merit and fitness of an applicant for one of those positions can be ascertained by a competitive examination is palpably illegal, if as a matter of law such positions are in the exempt class, then the decision of the commission can be corrected, and a direction given to take them out of the competitive class and place them in the exempt class. "But where the position is one as to the proper method of filling, which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the court may differ from the commission as to the wisdom of the classification." People v. McWilliams, 185 N. Y. 99, 77 N. E. 785.

Many affidavits have been read upon this application; some detailing services rendered by these officers that are confidential in character, some establishing that such services are not necessarily performed by these officers, some establishing that all the business of the corporation counsel's office of such a confidential character that the merit and fitness of an applicant cannot be ascertained by a competitive examination can well be and in fact has been performed by the city attorney and the two assistant city attorneys, which positions are in the exempt class, some establishing the performance of services by these officers concerning important matters affecting the city of Buffalo involving fidelity, honesty, integrity, as well as capacity and skill, which services appear by other proofs submitted to be required by law to be performed under the direction of the corporation counsel. Some affidavits establish the rendering of services by these officers of a character which the law does not contemplate shall be performed by them. If it were a simple question whether the corporation counsel should be restricted to the certified civil service list of eligible applicants in selecting a trial lawyer for his office, it would be very easy to answer in the negative. If it were a like question as to the selection of a lawyer who was to prepare cases for trial, it would be equally easy. It is notorious that failure to secure satisfactory results upon the trial of an action is very often due to faulty preparation for the trial—an inability to comprehend, understand, and fully meet the issues tendered. To say that the preparation for and the trial of actions in charge of the corporation counsel is contemplated by the civil service law to be confided to attorneys whose only known qualifications for such important work must be determined by regulation of civil service commissions is an absurdity; and if the skilled and confidential services required to prepare and try actions are necessarily to be performed by the officers occupying the positions under consideration, it would seem that the commission was in error in classifying them in the competitive class.

The equipment of the corporation counsel's office is such that it is impossible to say that there was an error committed by the commission in the exercise of their discretion by so classifying the positions that the offices of city attorney and two assistant city attorneys are in the exempt class and the remaining positions in the competitive class. If the court was asked to classify these positions in the first instance, it is very likely that a different result would have been attained. The duty of classifying the positions is with the commission. From a careful and exhaustive examination of these affidavits, it is impossible to reach the conclusion that the commission acted illegally in deciding that the services necessarily to be rendered by these officials are not of such a confidential character but what the merit and fitness of an applicant for any one of them may be ascertained by a competitive examination. From such evidence, it is fairly debatable by reasonable men whether proper classification has been made by the commissioners. Such conclusion necessarily results in the denial of the motion.

If no provision is made for a secretary or confidential stenographer to the corporation counsel, a reclassification of these offices should be had, placing one stenographer in the exempt class; and a peremptory mandamus may issue requiring such reclassification, upon filing proof of failure to so reclassify within a reasonable time.