## In re HAMMOND.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. MANDAMUS (§ 151*)—CIVIL SERVICE COMMISSION—CLASSIFICATION—PARTIES.
    In mandamus to compel a reclassification of positions in the law department of a city so as to make certain offices noncompetitive, the State Civil Service Commissioners must be made parties together with the municipal civil service commissioners.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 292; Dec. Dig. § 151.*]

2. MANDAMUS (§ 75*)—CIVIL SERVICE COMMISSION—CLASSIFICATION—REVIEW.
    Where a municipal civil service commission placed in the competitive class of offices positions not made noncompetitive by the Legislature, mandamus would not lie to compel a reclassification so as to make certain positions noncompetitive, since Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7]) §§ 12–14, provide that no offices shall be put in the noncompetitive class unless they are exempted by the Legislature.
    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 75.*]

3. MANDAMUS (§ 75*)—CIVIL SERVICE COMMISSION—CLASSIFICATION—REVIEW.
    Where a municipal civil service commission failed to comply with a statute providing that one secretary of each officer authorized by law to appoint a secretary shall be exempt, mandamus lies to compel the commissioners to exempt one secretary.
    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 75.*]

Appeal from Special Term, Erie County.

Application by Clark H. Hammond, as Corporation Counsel of the City of Buffalo, for a peremptory mandamus requiring George A. Ricker and others, constituting the Municipal Civil Service Commission, and another, as Mayor of the City, to reclassify decisions in the Law Department of the City. From an order of the Special Term (66 Misc. Rep. 526, 121 N. Y. Supp. 696) granting the writ in part, defendant appeals. Reversed, and proceeding dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Clark H. Hammond and Harry D. Sanders, for appellant.
Adelbert Moot and John W. Ryan, for City and Civil Service Commissioners.
Ansley Wilcox, for Civil Service Reform Ass'n.

WILLIAMS, J. The order should be reversed, and the proceeding dismissed, without costs.

The applicant for the writ was the corporation counsel of the city of Buffalo. He desired certain positions in his office to be made noncompetitive, and the defendants refused to make them such. The Special Term held they were right except as to one position, and the writ was granted as to that position and denied as to the balance.

First. It is objected that the proceeding could not be maintained without making the State Civil Service Commissioners parties. This objection was well taken. The defendants cannot alone reclassify, so

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as to place the offices in question upon the noncompetitive list. The State Commissioners must approve their action. If the court were to grant the writ and order such reclassification, and the State Commissioners should refuse to approve, another proceeding would be necessary to secure the desired relief. This should not be so. The whole matter should be determined in this proceeding. We have substantially so held in People ex rel. Huber v. Adam, 116 App. Div. 613, 101 N. Y. Supp. 925.

Second. The court was right in refusing to reclassify the offices known as "deputy assistant city attorneys," "managing clerk," "clerk," "registrar," and "detectives." The statute provides that no offices shall be put in the noncompetitive class unless they are exempt as provided by the Legislature. Civil Service Law (Laws 1909, c. 15 [Consol. Laws, c. 7]) §§ 12–14.

The exempt class does not in express terms cover these offices in question. They are required to be placed in the competitive class, if practicable, and the only claim made by the applicant is that it is impracticable to make these positions competitive. Counsel have argued about this question very fully in their points submitted to us, and we have also the opinion of a very careful judge. He arrived at the conclusion that it was fairly debatable by reasonable men whether proper classification had been made as to these offices, and therefore the writ should be denied. As said by Judge Cullen in Matter of Dill, 185 N. Y. 106, 77 N. E. 789:

"While mandamus is the proper remedy to compel a municipal civil service commission to correct an illegal classification in the public service, it will not lie when the determination of the commission does not constitute an abuse of discretion, and it cannot be said, therefore, to be illegal."

And again in People ex rel. Schau v. McWilliams, 185 N. Y. 97, 98, 77 N. E. 786, 787:

"If it should appear there was a plain violation by the commission of its duty to classify as competitive an office which was clearly and manifestly so, there should be a remedy in the courts; but there is necessarily a large debatable field as to the cases within which there will be great difference of opinion, even among the most intelligent and fair-minded men, and as to this field it seems to me that it is not reasonable that the judgment of an appellate court should be substituted for that of the commissioners."

I will not enter upon any discussion of the question as to whether the commissioners acted wisely in their action. It was their discretion and judgment, and not ours, that was to determine. They did not act illegally, and therefore the court could not by mandamus compel them to change their determination.

Third. The statute provides there shall be exempt one secretary of each officer authorized by law to appoint a secretary. The commission failed to comply with this provision, and the court therefore very properly granted the writ to the extent of requiring this to be done by exempting one stenographer.

We should therefore affirm the order, except that we must hold that the court could not entertain the proceeding without making the State Commissioners parties.

The order must therefore be reversed, and the proceeding dismissed, but without costs. All concur.