(69 Misc. Rep. 410.)

BENCHIN v. KEMPNER et al.

(Supreme Court, Special Term, Kings County. November, 1910.)

MUNICIPAL CORPORATIONS (§ 216*)—CIVIL SERVICE LAW—APPOINTMENTS—PROBATIONARY OFFICERS.

Under Laws 1910, c. 659, § 96, providing for the appointment of civilian male probationary officers by boards of city magistrates, and relating to the inferior criminal courts of the city, such officers bear a confidential relation to the magistrates and need not be filled from the eligible list after competitive examination under the civil service law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 578; Dec. Dig. § 216.*]

Application of Adolph Benchin against Otto Kempner and others. Writ granted. Affirmed in 127 N. Y. Supp. 657.

A. I. Nova, for relator.
Sanders Shanks, for respondents.

MADDOX, J. The theory of affording opportunity by probationary efforts for the moral betterment and advantage of many, both children and adults, who have been found guilty of certain offenses and violations of law, is now well recognized and in this state provided for by legislative enactments, resulting in a well-defined scheme. The good that will come to some with the hope that all shall benefit therefrom and thereby is highly commendatory and calls for no discussion here.

Chapter 659 of the Laws of 1910, relating to the inferior criminal courts in the city of New York, provides (section 96) for the appointment of probation officers in such courts and (section 97) defines their powers and duties. It is provided (section 96) that, on or before September 1, 1910, a chief probation officer shall be appointed by the chief justice of the Court of Special Sessions and by each chief city magistrate, whose duties shall be as prescribed by such appointing officer, respectively; that the civilian male and female probation officers of the special sessions courts in the First and Second divisions, the female probation officers of the board of city magistrates of the First division, and the female and civilian male probation officers of the board of city magistrates of the Second division shall continue in office, unless and until removed as provided in said, act; that a majority of the justices of the Court of Special Sessions shall, on or before said date, appoint civilian probation officers not exceeding in number, including such as are "continued in office," 12 in all; that the board of city magistrates of the First division, on or prior to said date aforesaid, shall appoint 10 civilian male probation officers, and the like board in the Second division, which embraces the boroughs of Brooklyn, Queens, and Richmond (section 50) and to which division this application has immediate and direct relation, shall appoint 5 civilian male probation officers in addition to those continued in office as in said act provided; that any probation officer may be removed at the pleasure of the chief justice, a majority of justices or board of city magistrates vested with such power of appointment, respectively.

This is an application for a peremptory writ of mandamus commanding the board of city magistrates of the Second division to appoint, in obedience to the provisions of the act in question, five civilian male probationary officers; and the corporation counsel opposes upon the ground that such positions are within the provisions of the civil service law of the state and governable thereby, that the positions are within the competitive class, that there is as yet no eligible list wherefrom to make such appointments, and that, said positions not being in the exempt class, the said board of magistrates is without power to appoint to such positions, except from an eligible list after competitive examination.

The command of the statute is plain, and the main question is whether such positions are confidential in character or not, which must be determined from the duties of the position; and here, in addition thereto, the legislative declaration as to these positions and the powers

conferred upon the incumbent by statute should and must be· considered.

It will be seen (section 97) that the probation officers so to be appointed by said board of magistrates "shall have all the powers and duties conferred * * * by the Code of Criminal Procedure" upon such officers generally. Hence, when so directed by the magistrate, he "shall inquire into the antecedents, character and circumstances of any person * * * accused, * * * and into the mitigating or aggravating circumstances of the offense of such person, and shall report thereon in writing to such * * * magistrate." His other duties are "to furnish to all persons placed on probation under his supervision a statement of the period and conditions of their probation, and to instruct them concerning the same; to keep informed concerning their conduct and condition; to aid and encourage them by friendly advice and admonition, and by such other measures, not inconsistent with the conditions imposed by the * * * magistrate, as may seem most suitable, to bring about improvement in their conduct and condition; to report in writing at least monthly concerning their conduct and condition to the court having jurisdiction over such probationers, or to a magistrate thereof; to keep records of their work; to keep accurate and complete accounts of all moneys collected from probationers, to give receipts therefor and to make at least monthly returns thereof; to perform such other duties in connection with such probationers as the * * * magistrate may direct; and to make such reports to the state probation commission as the commission may require" (Code Cr. Proc. § 11a, subd. 2), and that they "shall keep such records and conform to such rules and regulations. as may be established by a majority of the justices or of the respective boards of magistrates as the case may be." Laws 1910, c. 659, § 97.

The period and conditions of probation are fully provided for in paragraph 4 of section 11a of the Code of Criminal Procedure, and it is unnecessary to enumerate or discuss the same at length here; but, in case of violation of such conditions, the magistrate may revoke such probation (Laws 1910, c. 659, § 100; Code Cr. Proc. § 483, subd. 4), may issue a warrant for the arrest of the probationer, and impose any penalties and pronounce such judgment or sentence as could have been imposed and made if the accused had not been placed on probation (Laws 1910, c. 659, § 100; Code Cr. Proc. § 11a, subd. 4, and section 483, subd. 4).

It will also be noticed that the payment of a fine, or payment in restitution or reparation to an aggrieved person in an amount to be fixed by the court, may be included as conditions of such probation (Code Cr. Proc. § 483, subd. 2), and also that compliance with an order for support in abandonment proceedings or for support of poor relatives is fairly to be contemplated as subject to inclusion among such conditions (Code Cr. Proc. § 910).

` As we have seen, it is among the duties of probation officers "to keep accurate and complete accounts of all moneys collected from probationers, to give receipts therefor and to make at least monthly

returns thereof." For what purpose are such collections to be made during a probationary period if not in compliance of a direction by the magistrate for the support of a wife, family, or poor relative, or in payment of fine, restitution, or reparation for a wrong done? Consequently, shall such probation officer be one in whom the magistrate has confidence and shall feel assured that the officer is trustworthy? If not, then should the magistrate commit the performance of such duties to one in whom he has no confidence?

From the foregoing it seems to me that the magistrates will be compelled to rely in whole upon the probation officer for information upon which will depend his judicial action and the liberty of every person so placed upon probation. Upon the integrity, discretion, character, and intelligence of such probation officers will depend the nature and sufficiency of the inquiries necessary to be made and information to be obtained; the aid, assistance, and encouragement to be furnished, and the advice and admonition to be given to the probationers for their betterment and moral uplift; the verity of their reports to the courts and the magistrates; also, their familiarity with the general conditions which may obtain in the atmosphere of a police court and acquaintance with and knowledge of human nature in its various phases. All these considerations, in my opinion, lead to the conclusion that the positions are necessarily of a confidential relation to the magistrate, involving the exercise of integrity and good judgment, and that the appointees should be those in whom the magistrate before being called upon to act judicially should have confidence. The revocation of probation and the imposition of penalty, if made necessary, must depend to a very great degree, almost controlling, upon the officer's performance of his duties and his reports to the magistrate. Indeed, the statute expressly declares that such officers "shall be deemed the confidential officers of the justices and magistrates."

In addition to what has been said above, section 96 of the act under consideration, and paragraph 1 of section 11a of the Code of Criminal Procedure as amended in 1910, the same session in which the statute in question was passed, must be read together, since there is no inconsistency or conflict in language between them; and it will be seen that the Criminal Code provision is:

"Such probation officer or officers may be chosen from among the officers of a society for the prevention of cruelty to children or of any charitable or benevolent institution, society or association now or hereafter duly incorporated under the laws of this state, or be reputable private citizens."

The last above legislative expression clearly evidences the fact that some especial fitness may be looked for among the officers of the institutions, societies, and associations so referred to, and clearly negatives the suggestion that the positions must be filled from an eligible list after a competitive examination under and pursuant to the provisions of the civil service law of the state.

Motion granted.