BENCHIN v. KEMPNER et al., Board of Magistrates.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. MANDAMUS (§ 29*)—MINISTERIAL ACTS.

The duty of the inferior criminal courts in New York City to appoint probation officers, as required by Laws 1910, c. 659, § 96, is ministerial, so that mandamus lies to compel the courts to make such appointments.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 65; Dec. Dig. § 29.*]

2. MANDAMUS (§ 172*)—MINISTERIAL ACTS—PARTIES.

The court, in mandamus to compel the inferior criminal courts in New York City to appoint probation officers, as required by Laws 1910, c. 659, § 96, will not determine whether the appointments should be made from the civil service eligible lists or otherwise, where neither the city nor the state civil service commissions are parties, and hence not bound by any ruling on that question.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 172.*]

Appeal from Special Term, Kings County.

Mandamus by Adolph Benchin against Otto Kempner and others, comprising the Board of Magistrates of the City of New York for the Second Division, to compel the board to appoint probation officers. From an order of the Special Term (127 N. Y. Supp. 614) directing the board to appoint probation officers, they appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

James D. Bell, for appellants.
A. I. Nova (Mitchell May, on the brief), for respondent.

CARR, J. On June 25, 1910, chapter 659 of the Laws of that year took effect. This statute is entitled "An act in relation to the inferior courts of criminal jurisdiction in the city of New York, defining their powers and jurisdiction and providing for their officers." Section 96 thereof directed the appointment of "probation officers" by the various inferior criminal courts on or before the 1st day of September, 1910. The same section of the statute declared that these "probation officers shall be deemed the confidential officers of the justices and magistrates." Section 97 of the statute declared the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

127 N.Y.S.—42

powers and duties of these officers to be such as were conferred upon probation officers by the Code of Criminal Procedure, and in addition directed that they "shall keep such records and conform to such rules and regulations as may be established by a majority of the justices or of the respective boards of magistrates, as the case may be."

Up to October 26, 1910, the board of city magistrates of the Second division had not made the appointments of "probation officers" directed by section 36 of the statute aforesaid. The petitioner, as a citizen and taxpayer, applied for a peremptory writ of mandamus to compel the said board of magistrates to comply with the direction of the statute, and from an order directing said board to forthwith appoint five probation officers this appeal is taken.

On the application for the order directing the issuance of a writ of mandamus, the point presented in opposition was that the offices in question were in the classified civil service of the city of New York, and that no eligible lists therefor, based upon competitive examinations under the provisions of the civil service law, had yet been made, although examinations were to be had, and an eligible list was to be made within a few months. Although the duty of appointment under section 96 of the statute in question was ministerial, the argument at Special Term, as well as here on appeal, proceeded upon the assumption that there was necessarily involved in this proceeding the question whether the offices in question were to be classified as exempt or as subject to competitive examination under the provisions of the civil service law.

The order made at Special Term does not purport to do more than compel appointments in exercise of a ministerial duty. In no manner does it prescribe the manner of the appointments, whether from civil service eligible lists or otherwise. If the offices in question are subject to competitive examination, then temporary appointments are authorized by law pending the making of an eligible list. If these positions are exempt from competitive examination, then the appellants are free to make the appointments without regard to eligible lists; for there is nothing in the order appealed from which directs them to do anything but perform the duty cast upon them by the statute—that is, to make appointments. It is true that the learned court at Special Term, in a careful and forceful opinion, reached the conclusion that the offices in question were confidential, and not subject to competitive examination, because both of the declaration of the statute that said offices were to be deemed confidential and of the provisions of the statutes which defined the duties thereof.

In view of the fact that neither the city nor state civil service commissions are parties to this proceeding, and therefore not bound by any decision in this proceeding (Matter of Hammond v. Ricker, 140 App. Div. 19, 124 N. Y. Supp. 406, order affirmed 200 N. Y. 27, 93 N. E. 1122), it is deemed inadvisable to discuss a question of law upon which the views of this court in this proceeding can be, at most, but advisory. If the appointments to be made in conformity with the writ of mandamus are made without recourse to an exist-

ing eligible list, then the civil service commission may withhold its certification from the pay rolls under section 20 of the civil service law, and the sufficiency of the appointments may be determined in mandamus proceedings as therein expressly specified; or, if the magistrates, who are appellants here, desire to compel a reclassification of these offices as not subject to competitive examination, they may do so by mandamus in a proceeding against both the city and state civil service commissions. People ex rel Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785; Matter of Hammond v. Ricker, ut supra.

The questions argued by the respective counsel should await determination in proceedings in which the determination will be conclusive.

The order should be affirmed, with $50 costs and disbursements. All concur.