Chief Judge Breitel
(dissenting). I dissent. I cannot agree that the four-month Statute of Limitations did not begin to run until the final revised eligible list was published.
Normally, when the fairness of an examination is challeged, the statute should begin to run, at the very latest, at the time a list is first promulgated (see discussion in dissenting opn in Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352, decided simultaneously with this appeal). Assuming, without deciding, that the statute would in this case run from the initial promulgation, it undoubtedly would be tolled while the administrative appeals were under consideration. But when those appeals were denied, on August 31, 1973, the statute, at the very latest, began to run once again. Subsequent publication of the final revised eligible list could have no effect on the validity or fairness of the examination (see analysis in memo *382 randum at App Div in this case 57 AD2d 514). Hence, since the proceedings were not brought until more than five months after the administrative appeals were denied, they are time-barred.
Indeed, on an alternative view, independent of the promulgation of the eligible list, the determinations on the timely administrative appeals were final and definite, and therefore were binding on the issue tendered, namely, the validity of the oral examinations. A justiciable issue, call it a cause of action if one wishes, arose from those determinations. A cause of action, even if its consequences persist or arise in the future, is nonetheless a cause of action. A tortious wrong, for example, occurs when the tortious act is committed; generally the Statute of Limitations is neither extended nor tolled nor does it run anew because consequences of the tort become choate thereafter. The running of a Statute of Limitations is not determined by when a suitor decides that the wrong committed against him requires or merits a remedy, but by when the wrong was committed.
When the validity of the examination is attacked, as distinguished from improper questions or incorrect ratings, the wrong is the invalid examination, not the consequences of that wrong. So, too, the grievance is subjection to an improper or invalid examination. There was no continuing wrong, as Special Term held, because the "wrong” had been completed once the examination had been taken and the eligible list based on it promulgated.
Accordingly, I dissent and vote to affirm.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Chief Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jasen and Jones concur.
Order reversed, etc.