OPINION OF THE COURT
Wachtler, J.
In this proceeding, originally commenced as an action for a declaratory judgment, 24 provisional employees of the Nassau County Probation Department, who failed or received low grades on civil service tests for permanent appointment, claim that the exams are illegal and invalid because they are not sufficiently job-related. Special Term treated the complaint as a petition in an article 78 proceeding and then dismissed for untimeliness. The Appellate Division modified by reinstating the complaint. On this appeal, by leave of our court, the county and the State claim that the proceeding was not commenced within four months after the determination to be reviewed became final and binding upon the petitioners (CPLR 217).
In 1971 the Legislature transferred supervision and control of the Probation Department from the judiciary to the County Executive (Executive Law, § 256, 1971, ch 387). In 1974 the petitioners, who were provisional employees of the Nassau County Probation Department, took civil service tests for permanent employment with the department. As a result of the exams an eligible list was promulgated on January 2, 1975. On that same date each of the petitioners was notified that he had failed or received a low grade on the exams. On January 7, 1975 the Nassau County Civil Service Commission certified the list and sent it to the Nassau County Probation Department.
On January 10, 1975, in an unrelated suit challenging the constitutionality of section 256 of the Executive Law, a Supreme Court Justice temporarily enjoined the county from making any appointments from the list. On January 14, 1975 the Executive Director of the Nassau County Civil Service *357 Commission formally withdrew certification of the list and notified all eligibles that "certification of names from the list will be withdrawn and held in abeyance until a final determination is made by the court.” Subsequently on June 9, 1975 this court held that section 256 of the Executive Law was constitutional (Matter of Bowne v County of Nassau, 37 NY2d 75).
On July 24, 1975 the Nassau County Civil Service Commission recertified the list. In August the order enjoining the commission from discharging any employees on the affected lists was vacated, and in September each of the petitioners was either demoted or discharged based on their examination grades and position on the certified list.
This suit was commenced on September 3, 1975 by service of a summons. The complaint seeks a declaration that the examinations are, "invalid, illegal, and violative of Civil Service Law Section 50(6) in that they were neither practical in their character, nor did they relate to those matters which would fairly test the relative capacity and fitness of the persons examined to discharge the duties [of the positions] * * * to which they sought appointment.”
We agree with Special Term and the Appellate Division that the complaint should be considered a petition commencing an article 78 proceeding (see, e.g., Matter of Acosta v Lang, 13 NY2d 1079). The question is whether the four-month Statute of Limitations applicable to such proceedings (CPLR 217) began to run when the list was originally certified in January, 1975 or when it was recertified in July, 1975, after the initial certification had been withdrawn.* In our view the determination which the petitioners seek to review did not become "final and binding upon the petitioner[s]” (CPLR 217) until the list was recertified on July 24, 1975.
Ordinarily, these employees should have become aggrieved when eligibility lists based on grades from the contested examinations were established and first certified early in January, 1975. This is usually the type of "final and binding determination” from which the four-month limitations period is measured, for this is the point when the challenged action has its impact (Matter of Queensborough *358 Community Coll. v State Human Rights Appeal Bd., 41 NY2d 926; Matter of Munice v Board of Examiners of Bd. of Educ., 31 NY2d 683; see CPLR 217).
In this case, however, within a few days of the initial certification, certification was withdrawn and specifically "held in abeyance” pending a "final determination” of the constitutional challenge to section 256 of the Executive Law. Thus the withdrawn list could have no impact on the petitioners’ rights until it was recertified after we finally resolved the dispute regarding the constitutionality of the statute (see Matter of Bowne v County of Nassau, 37 NY2d 75, supra). And, as noted, the present suit was commenced within a month and one half of the recertification.
To be sure, public employees aggrieved by the questionable propriety of a civil service examination should not be allowed to press stale claims or disrupt the appointments of those otherwise secure in their tenure merely by framing a lawsuit as a declaratory judgment action or casting their grievance as a continuing wrong (compare Matter of McDermott v Johnson, 2 NY2d 608, with Lutheran Church in Amer. v City of New York, 35 NY2d 121). Only a short Statute of Limitations can effectively contain this type of challenge within fair as well as feasible bounds.
On the other hand, when an administrative body itself creates ambiguity and uncertainty by declaring that "certification * * * will be withdrawn and held in abeyance”, affected employees and their counsel should not have to risk dismissal for prematurity or untimeliness by necessarily guessing when a final and binding determination has or has not been made. Under these circumstances, "the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court” (Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126-127; cf. City of New York v State of New York, 40 NY2d 659, 670).
Having created the ambiguity and impression of nonfinality, it was up to the defendant commission to either "make it clear what was or what was not its [final] determination” (Matter of Castaways Motel v Schuyler, supra, p 126) or, failing that showing, to abide by reasonable delays which it alone had engendered (see Matter of O’Neill v Schechter, 5 NY2d 548).
On this basis, the Appellate Division below properly *359 concluded that the plaintiffs did not become aggrieved and the Statute of Limitations did not begin to run against them until the challenged lists were recertified in July, 1975. Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Although the county also urges that the period began to run when the test was administered, we have rejected this contention in the case of Matter of Martin v Ronan (44 NY2d 374, decided herewith).