■ In the Matter of INCORPORATED VILLAGE OF BABYLON, Appellant, v ALAN SCHNEIDER, as Personnel Officer of the County of Suffolk, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination dated April 5, 1983, of the New York State Department of Civil Service denying a request of the Suffolk County Department of Civil Service to classify the position of assistant to the Mayor of the Incorporated Village of Babylon as noncompetitive, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), entered June 17, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the petition as time barred. A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see, CPLR 217). Here, the determination became final and binding on April 5, 1983, when the respondent informed the petitioner that the New York State Department of Civil Service had denied its request to classify the position held by Charles Gardner, assistant to the Mayor, as noncompetitive. The petitioner should have sought judicial review at that time. Instead, the petitioner sought to circumvent the requirements of the Civil Service Law by informing the respondent that it was reassigning Mr. Gardner to his original civil service

position of heavy equipment operator, while it continued to employ him as assistant to the Mayor, a position for which he did not meet the minimum qualifications. The respondent was unaware of this discrepancy until 1987, when it was informed by a third party that Mr. Gardner was actually performing the duties of a code enforcement officer, a competitive civil service position for which he had not taken an examination.

The petitioner then passed a resolution giving code enforcement duties to the assistant to the Mayor. The petitioner may not benefit from its flagrant circumvention of the Civil Service Law and seek to toll the Statute of Limitations for the more than five-year period that elapsed before the scheme was discovered. Moreover, the petitioner's failure to name the New York State Department of Civil Service as a party also mandated dismissal of the proceeding (see, CPLR 1001, 1003; see, Matter of Hammond v Ricker, 140 App Div 19, affd 200 NY 527). Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.