◼ In the Matter of BOHDAN CHABAN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [608 NYS2d 229] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the City of New York, dated January 22, 1991, which denied the petitioner reinstatement to his permanent civil service position of Civil Engineer, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered September 10, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In May of 1987, the petitioner, a Civil Engineer in the Division of School Buildings of the respondent Board of Education of the City of New York (hereinafter the Board of Education), requested a three-month leave of absence for "personal reasons". This request and a second request for an additional three-month leave of absence until November 20, 1987, were approved by the Board of Education. Thereafter, the petitioner made two more requests for three-month leaves of absence until February 20 and May 20, 1988, respectively. The record does not indicate the Board of Education's decision with respect to these latter two requests.

In May of 1988, the petitioner wrote to the Board of Education requesting to return to work. He received a letter, dated July 6, 1988, from Michael J. Sinansky, Executive Director of the Division of School Buildings, informing him that there were no positions available. However, in August of 1988 the petitioner was reinstated to his position as a Civil Engineer, but at a significantly reduced salary. The petitioner did not return to work. Instead, he sought an explanation from the

Board of Education as to why his salary had been reduced. No such explanation was forthcoming. On May 5, 1989, the petitioner was informed that the Board of Education considered him absent without leave since May 21, 1987, and that there were no engineering vacancies available. The petitioner made repeated attempts to clarify the meaning of the May 5, 1989, letter. He was ultimately informed by a letter dated January 22, 1991, from the Office of the Chancellor of the Board of Education that he would not be reinstated. In May of 1991, the petitioner commenced this article 78 proceeding to review that determination.

CPLR 217 provides, *inter alia,* that an article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." The Supreme Court held that the Board of Education made such a determination when the petitioner "was told on August 8, 1988, by a letter from the respondent Board of Education by Michael J. Sinansky, that no positions were available to take advantage of his experience." Since the petitioner did not commence this proceeding until May of 1991, the Supreme Court held that it was untimely and denied the petition. We now reverse.

Initially, we note that there is no letter in the record which is dated August 8, 1988, although there is a letter from Mr. Sinansky dated July 6, 1988, which states that there are no positions available to the petitioner. Assuming that the Supreme Court intended to rely upon the July 6, 1988, letter, we find that this letter does not constitute a final and binding determination within the meaning of CPLR 217. Moreover, we do not agree with the Board of Education's contention that the petitioner was informed of a final and binding determination by its letter dated May 5, 1989.

An administrative determination is final and binding, for purposes of determining the limitation period, only when the petitioner is aggrieved thereby *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832; *Matter of Martin v Ronan,* 44 NY2d 374). In addition, "[f]or purposes of the commencement of the four-month Statute of Limitations established by CPLR 217, the burden is on the public body to make it clear to an employee when its final determination has been made" *(Matter of Stearns v Gilchrist,* 84 Misc 2d 519, 521, citing *Matter of Castaways Motel v Schuyler,* 24 NY2d 120).

With respect to the July 6, 1988, letter, we note that, up to that point in time, there was no suggestion that the petitioner

would not be allowed to return to his prior position. The petitioner's first two requests for leaves of absence had been approved, and his requests for extensions through May 20, 1988, were apparently still pending. Under these circumstances, and in view of the fact that the petitioner was reinstated in August of 1988, the July 6, 1988, letter cannot reasonably be considered a final determination denying the petitioner's request to return to work. "The limitations period does not commence to run where the agency has created the impression that the determination, albeit issued, was intended to be nonconclusive" *(Matter of Edmead v McGuire,* 67 NY2d 714, 716).

Regarding the May 5, 1989, letter, we note that the language contained therein stating that the petitioner had been absent without leave since May 21, 1987, is belied by the Board of Education's own records, which demonstrate that the petitioner's leave had been approved until at least November 20, 1987. In addition, this letter does not state that the prior reinstatement had been rescinded nor does it request the petitioner's resignation. Indeed, the May 5, 1989, letter only served to further confuse an already ambiguous situation concerning the petitioner's job status. As noted by the Court of Appeals in *Matter of Biondo v New York State Bd. of Parole (supra,* at 834): "We have previously held that for the purposes of the commencement of the statutory period, the petitioner cannot be said to be aggrieved by the mere issuance of a determination when the agency itself has created an ambiguity as to whether or not the determination was intended to be final *(Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352) * * * [F]undamental fairness would seem to compel the conclusion that a petitioner should not be held to have been dilatory in challenging a determination of which he was not aware" *(see also, Matter of Edmead v McGuire,* 67 NY2d 714, 716, *supra,* citing *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, *supra; Matter of Castaways Motel v Schuyler,* 24 NY2d 120, *supra).*

Accordingly, we find that the Statute of Limitations did not commence to run upon the petitioner's receipt of either the July 6, 1988, or the May 5, 1989, letters from the Board of Education. Thus, the petition was improperly denied.

A final determination was not made until, at the earliest, January 22, 1991, the date of the letter notifying the petitioner that he would not be reinstated. Since the present proceeding was commenced on May 22, 1991, it is timely. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.