OPINION OF THE COURT
Elliott Golden, J.
In this CPLR article 78 proceeding, which, inter alia, seeks a judgment annulling the determination of the Chancellor of the New York City Board of Education (Chancellor) denying the petitioner a certification of completion of probation as an Assistant Principal at a public high school in Brooklyn, New York, and terminating his services in the school system, the respondents cross-move to dismiss the petition on the ground that it is barred by the applicable four-month Statute of Limitations of CPLR 217.
The material facts relevant to the cross motion are not disputed. Petitioner was a probationary Assistant Principal at Eastern District High School. On June 5, 1991, the Principal of the school gave him an unsatisfactory rating for the school year covering the period from September 1, 1990 to June 30, 1991. Thereafter, the Chancellor informed the petitioner by letter dated December 26, 1991, that effective as of the close of business on January 31, 1992 the petitioner’s employment as an Assistant Principal was terminated, and that he was being denied a certification of completion of probation in that position. This letter also advised the petitioner that under the collective bargaining agreement between the Board of Education and the Council of Supervisors and Administrators, he was entitled to the review procedures under section 5.3.4 of the bylaws of the Board of Education.
Petitioner requested a hearing pursuant to these review procedures, and a hearing was held on September 29 and October 6, 1993 before a tripartite committee designated by the Chancellor. The committee forwarded its recommendation to the Chancellor, who then notified the petitioner in a letter dated January 31, 1994, which petitioner received on February 7, 1994, reaffirming the prior determination.
The issue now before the court is whether the Chancellor’s first decision dated December 26, 1991, or the second posthearing decision, received by the petitioner on February 7, 1994, controls for purposes of commencing the four-month Statute of Limitations. If the first one governs, then this proceeding, instituted some 2 Vi years later, on June 6, 1994, is obviously untimely, but if the second decision is the one that counts for *601 Statute of Limitations purposes, the petition was timely brought within four months of the petitioner’s receipt of said letter on February 7, 1994.
CPLR 217 provides, inter alia, that an article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner” (emphasis supplied). An administrative determination is final and binding, for purposes of determining the commencement of the limitation period, when the petitioner is aggrieved thereby, i.e., when the aggrieved party has received actual notification of the decision (Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834; Matter of Edmead v McGuire, 67 NY2d 714, 716; Matter of Village of Westbury v Department of Transp., 75 NY2d 62, 72).
Additionally, however, the petitioner cannot be said to be aggrieved upon mere receipt of the determination if the administrative "agency itself has created an ambiguity as to whether or not the determination was intended to be final” (Matter of Biondo v New York State Bd. of Parole, supra, at 834; see also, Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358; Matter of Chaban v Board of Educ., 201 AD2d 646, 648), or, stated another way, the "limitations period does not commence to run where the agency has created the impression that the determination * * * was intended to be nonconclusive” (Matter of Edmead v McGuire, supra, at 716; see also, Matter of Chaban v Board of Educ., supra, at 648).
The burden is on the agency to make it clear to an employee that a final determination has been made (Matter of Chaban v Board of Educ., supra, at 647). When the administrative body has created ambiguity and/or uncertainty in this regard, "affected employees and their counsel should not have to risk dismissal for prematurity [failure to exhaust administrative remedies] or untimeliness by necessarily guessing when a final and binding determination has or has not been made. Under [such] circumstances 'the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court’ ” (Mundy v Nassau County Civ. Serv. Commn., supra, at 358).
In applying these principles to the case at bar, the Chancellor’s initial determination, by letter dated December 26, 1991, did not recite that the determination was final and binding or that the petitioner’s right to bring an article 78 proceeding *602 commenced to run from the date he received the letter. To the contrary, the Chancellor states in his letter that the petitioner was entitled to the review procedures under section 5.3.4 of the bylaws of the Board of Education. This statement, on its face, is unambiguous in inferring that this is the next step in the administrative appeal process.
The review procedures set forth in section 5.3.4 grants the petitioner the right to a hearing, at which he may be represented by a union representative (but not by an attorney), he can call his own witnesses, be confronted by the respondents’ witnesses and can introduce any relevant evidence. It is thus clear to this court that the review pursuant to section 5.3.4 of the bylaws constitutes a separate, independent step in the administrative process and, in point of fact, the only administrative appeal to which the petitioner is entitled following the termination decision of the Chancellor.
Having misled the petitioner as to the full extent of his available alternative remedies and having caused a wrong impression of nonfinality by his decision letter of December 26, 1991, the Chancellor should not now be permitted to adopt a totally contrary position and deprive the petitioner of judicial review.
The court is not unmindful of the Appellate Division decision in Matter of Schulman v Board of Educ. (184 AD2d 643, 644) which, on similar facts involving section 5.3.4 of the bylaws of the Board of Education, as in this matter, held that the initial determination by the Chancellor commences the running of the Statute of Limitations and that the Chancellor’s subsequent reaffirmation of that decision following a section 5.3.4 hearing, does not serve "to extend the four-month limitations period”, citing Matter of Frasier v Board of Educ. (71 NY2d 763, 766-767) for that proposition.
The Frasier opinion (supra), however, did not involve a Statute of Limitations question, but instead concerned itself with whether the employee’s reinstatement after a section 5.3.4 hearing be made retroactive with back pay. Subsumed in this question was the issue of whether the Chancellor’s original decision to terminate the probationary teacher’s rights as a probationary apprentice as of that date, or whether that action was nonfinal and ineffective until completion of the review procedure pursuant to section 5.3.4. The Court of Appeals in Frasier held that the first decision by the Chancel *603 lor was intended to be final, since the governing statute— Education Law § 2573 (1) (a) — contains no provision for reconsideration or review or reinstatement of a discontinued probationary appointee (supra, at 766). The Court further said that "[s]ection 5.3.4 of the bylaws in no way pertains to the finality of the Chancellor’s decision” (supra, at 767).
The Schulman decision (184 AD2d 643, supra), which does not discuss Frasier (supra), apparently relied on this finality language in Frasier and applied it in an entirely different context to a Statute of Limitations question. The holding in Schulman warrants a revisiting and/or amplification, for it either creates a trap for the unwary or places the aggrieved employee on the horns of a dilemma in having to either pursue two remedies at the same time: the administrative review procedure under section 5.3.4 of the bylaws of the Board of Education and an article 78 proceeding, or select one and forego his right to the other. The twofold problem in the selection process is (1) the employee has to be made aware that there is such a choice, and (2) he may be without benefit of legal counsel at that time since the section 5.3.4 review procedures do not allow an attorney to represent him at the hearing. To further complicate this "Catch-22” situation, a judicial proceeding under article 78 may be subject to dismissal if the petitioner has not yet exhausted his administrative remedies by way of a section 5.3.4 review.
This court is also disturbed by the fact that there appears to be an unwarranted impairment of petitioner’s contract rights under his union’s collective bargaining agreement which entitles him to the section 5.3.4 administrative review.
Based upon all of the above considerations, the court holds that this article 78 proceeding was timely commenced within four months of the date the petitioner received notification of the Chancellor’s determination following the section 5.3.4 hearing. This decision is rendered without regard to the merits of the petition, a determination which must await the joinder of issue herein.
Accordingly, the respondents’ cross motion to dismiss the petition on the ground of the Statute of Limitations is denied. Respondents shall have 30 days from the date of service hereof within which to serve an answer in response to the petition.