■ In the Matter of GAIL RAFFAELE, Appellant, v TOWN OF ORANGETOWN et al., Respondents. [637 NYS2d 755] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents, dated August 9, 1993, in effect, terminating the petitioner's employment as a secretarial assistant, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated July 27, 1994, which, upon granting the motion of certain respondents to dismiss the proceeding, dismissed the proceeding as time barred.

Ordered that the order and judgment is modified, on the law and the facts, by reinstating the first, second, fourth, and fifth causes of action in the petition; as so modified, the order and judgment is affirmed, without costs or disbursements.

The petitioner, a former employee of the Town of Orangetown, commenced this proceeding pursuant to CPLR article 78 against the respondents on December 3, 1993, in which she sought, *inter alia,* reinstatement to her position. The 11 causes

of action in the petition were based on various events which occurred between November 1991 and September 1993. With respect to the termination of her employment, the petitioner alleged that she was not notified of her termination until she received a letter dated August 9, 1993, informing her that she would not be permitted to return to her former position following an extended absence due to illness. The Supreme Court determined that the proceeding was time barred because the final determination for Statute of Limitations purposes was made on November 25, 1991, when the petitioner was suspended from her job.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217). "For a determination to be final 'upon the petitioner' it must be clear that the petitioner seeking review has been aggrieved by it" *(Matter of Martin v Ronan, 44 NY2d 374, 380).* "A determination generally becomes binding when the aggrieved party is 'notified' " *(Matter of Village of Westbury v Department of Transp., 75 NY2d 62, 72).* The burden rests on the party seeking to assert the Statute of Limitations as a defense to establish that its decision provided notice more than four months before the proceeding was commenced *(see, Matter of Village of Westbury v Department of Transp., supra,* at 73; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127; *Matter of Chaban v Board of Educ.,* 201 AD2d 646).

The record reveals that, although there were a series of ambiguous communications between the parties, and the petitioner's employment status was unclear at different times, the petitioner was not informed prior to August 9, 1993, that she would not be permitted to return to her former position. Any ambiguity created by the respondents must be resolved against them *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834; *Matter of Castaways Motel v Schuyler, supra; Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352). Accordingly, we find that the proceeding pursuant to CPLR article 78 was timely commenced insofar as it challenged the determination rendered on August 9, 1993, and the first, second, fourth, and fifth causes of action were improperly dismissed as time barred.

We conclude that the remaining causes of action in the petition were properly dismissed based on the grounds asserted by the respondents in the Supreme Court. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.