■ In the Matter of ARMANDO C. VADELL, JR., Appellant, v CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION et al., Respondents. [649 NYS2d 714] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 3, 1995, which denied and dismissed a petition brought pursuant to CPLR article 78 as time barred, unanimously reversed, without costs, the petition reinstated, and the matter remitted for a hearing to determine the petitioner's medical fitness as of the date of his termination.

The petitioner was employed by the respondent Emergency Medical Service (EMS) in July 1983. In September 1991, he was in a non-work related car accident, sustaining injuries causing him to take four months of sick leave from January to May of 1992. Upon returning to work in May of 1992, he applied for, and was granted, a modified assignment,[1] which eliminated the field duty formerly required of his position. On June 3, 1993, the petitioner was notified by letter that his modified assignment would be terminated on June 13, 1993. This letter continued as follows:

"If you are *capable* of returning to full duty, you must report to the Employee Health Service with your private physician's documentation for clearance.

"If you are *unable* to return to full duty, please make an appointment, as soon as possible, directly with [the Director of Human Resources], so that [she] may discuss any other options which may be available" (emphasis in original).

It is the respondent's position that pursuant to section 73 of the Civil Service Law,[2] termination is automatic upon execution of a full one-year modified assignment, here June 13, 1993, where an employee is still unable to return to full duty. Accounting for the petitioner's accrued time balances, January 10, 1994 was the effective date of petitioner's termination.

The petitioner maintains that his first written notice of termination was by letter dated January 4, 1995, three months after this proceeding was instituted. The respondents offer no

1. The modified assignment program offered by EMS is available to individuals who are unable to perform the duties of their regular position due to disability; the maximum duration of such assignments is one year.

2. Section 73 of the Civil Service Law authorizes the termination of a civil servant who has been continuously absent from and unable to perform the duties of their position for one year or more by reason of a disability.

written evidence to the contrary. It is uncontested that on June 10, 1994, when the petitioner reported to the Employee Health Service for a physical evaluation, he was orally advised that his employment had been terminated. The respondents argue that the petitioner was aware of his termination as early as June of 1993 based upon his preparation of a resume reflecting an end date of June 13, 1993 for his employment with EMS; and his application for, and subsequent receipt, of unemployment benefits beginning in the summer of 1993.

This appeal concerns the timeliness of this article 78 proceeding for wrongful termination, commenced on October 7, 1994. The court found the petition time barred, concluding that petitioner's claim accrued on August 25, 1993, when an Administrative Law Judge determined he was eligible for unemployment benefits, and that the four month Statute of Limitations began on that date. This was error.

CPLR 217 (1) provides that an article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". "Finality" requires that the petitioner be aggrieved by the determination (*Matter of Martin v Ronan*, 44 NY2d 374, 380; *Raffaele v Town of Orangetown*, 224 AD2d 430, 431), and to be considered "binding", notice must also have been provided (*Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834; *Raffaele v Town of Orangetown, supra*, at 431). Here, for Statute of Limitations purposes, it is the respondent's burden to establish that it provided notice of termination to the petitioner more than four months prior to October 7, 1994 (*Raffaele v Town of Orangetown, supra*, at 431 [citing cases]), and any ambiguity in the respondent's oral or written communications must be resolved in favor of the petitioner (*see, Matter of Biondo v New York State Bd. of Parole, supra,* at 834; *Rafaele v Town of Orangetown, supra*, at 431).

The record reveals that the respondent's earliest unequivocal oral notification of termination was given on June 10, 1994, when the petitioner reported for his physical evaluation, and therefore the action was timely commenced on October 7, 1994, within four months of that date. The June 3, 1993 letter does not satisfy the respondent's obligation to notify the petitioner of his termination, and the petitioner's actions, evincing a belief that his position was in jeopardy prior to June 10, 1994, are not probative as to whether the respondent gave proper notice (CPLR 217; *cf., Matter of Hurwitz v Perales*, 81 NY2d 182, *cert denied* 510 US 992). Furthermore, the Administrative Law Judge's determination, on August 25, 1993, that the petitioner

was entitled to unemployment benefits was a collateral proceeding insufficient to satisfy the respondent's obligation to provide the required notice (*see*, *Castaways Motel v Schuyler*, 24 NY2d 120, 126 [CPLR 217 burden rests with the respondent "to make it clear what was or what was not its determination"]).

Accordingly, the petition is reinstated and the matter remanded for a hearing on the outstanding issue of whether the petitioner was medically fit to return to full duty as of the date of his termination (*see*, *Matter of Gaines v New York State Div. for Youth*, 213 AD2d 894, 896, *lv denied* 86 NY2d 708). If the petitioner makes a demonstration that he was fit, he should be reinstated to his former position with back pay, seniority, and benefits. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.

