■ In the Matter of PRESCHOOLER'S PLACE FOR LEARNING, INC., Appellant, v EUGENE F. DURNEY et al., Respondents. [670 NYS2d 194] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services that the petitioner was obligated to pay $63,635.96 as reimbursement for certain overpayments allegedly made in connection with educational programs operated pursuant to Education Law §§ 4406 and 4410, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 27, 1997, which granted the respondents' motion to dismiss the proceeding as time-barred, and (2) a judgment of the same court also dated June 27, 1997, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the respondents' motion is denied, and the petition is reinstated; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal taken as of right from the intermediate order

must be dismissed because an order made in a CPLR article 78 proceeding is not appealable as of right (see, CPLR 5701 [b] [1]), and, in any event, the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

This proceeding was commenced by filing on November 1, 1996. An officer of the petitioner, who had knowledge of the relevant facts, stated in an affidavit in opposition to the County's motion to dismiss that it was not until her receipt of a letter on July 12, 1996, that she knew what amount, if any, the County was actually going to claim it was owed. The letter indicated that the County had determined that it was due the total of $63,635.96, and stated that this sum had been calculated only after certain information had been "entered into the Bureau of Services for Children with Disabilities' preschool data processing system". There is no competent proof in the record to support the hypothesis that this sum of $63,635.96 had been, or could have been, calculated by anyone at any time prior to July 1996, with or without the aid of a data processing system.

The County's argument that its determination was final and binding as early as December 12, 1994, when it issued an earlier audit, is meritless. This audit was provisional only, in that parts of it were concededly subject to revision upon review by the State Department of Education. This provisional audit demanded payment of $116,639, an amount which was later significantly reduced after the State Education Department had conducted such review. Also, the County itself acknowledged, in a letter dated October 20, 1995, that its findings would not be "implemented" until the New York State Education Department had acted. The review at the State level could conceivably have resulted in a determination that the petitioner owed nothing. Under these circumstances, it is clear that it was not until July 1996 that the petitioner was able to "ascertain the consequences of" the various findings contained in the earlier audit (New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165; see also, Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358).

For these reasons, the applicable prescriptive period did not begin to run until July 12, 1996. The proceeding was timely commenced on November 1, 1996. The County's motion to dismiss should therefore have been denied. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.