◼ In the Matter of KATHLEEN SANGINARIO et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [744 NYS2d 492] —In a hybrid proceeding pursuant to CPLR article 78 to compel the New York City Transit Authority to classify the petitioners as employees and an action declaring that the petitioners are employees of the New York City Transit Authority, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Jackson, J.), dated April 12, 2001, as granted the cross motion of the New York City Transit Authority to dismiss the hybrid proceeding and action, inter alia, as untimely.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (*see Matter of Incorporated Vil. of Babylon v Schneider,* 168 AD2d 497). Here, the determination became final and binding when the appellants executed their retainer agreements and consented to their terms at least one year before they filed the hybrid proceeding and action (*see Sutherland v Village of Suffern,* 139 AD2d 728, 729). Accordingly, the proceeding was time barred and the petition was properly dismissed.

Furthermore, the declaratory judgment action was untimely since the time limitation for the commencement of a declaratory judgment action is governed by the period set for an alternate form of proceeding available to a plaintiff, which here is the CPLR article 78 proceeding (*see* CPLR 217; *New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 201).

The appellants' remaining contentions are either academic or without merit. Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.