■ In the Matter of RONALD MILONE, Appellant, v TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF EAST-HAMPTON, LONG ISLAND, N.Y., Respondent. [775 NYS2d 351]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Trustees of the Freeholders and Commonality of the Town of Easthampton, dated May 14, 2002, which denied the petitioner's application for a permit to construct a catwalk and fixed dock on Three Mile Harbor, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Burke, J.), dated December 9, 2002, and (2) a judgment of the same court entered March 18, 2003, which, upon the decision, converted the proceeding to a declaratory judgment action, declared Resolution No. 157 of 1987 of the Trustees of the Freeholders and Commonality of the Town of Easthampton, Long Island, New York, to be valid, and dismissed the complaint.

Ordered that the appeal from the decision is dismissed,

without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first and second decretal paragraphs thereof, and (2) deleting the word "complaint" from the third decretal paragraph thereof and substituting therefor the word "proceeding"; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the denial of his application to construct a catwalk and fixed dock in Three Mile Harbor was not arbitrary or capricious. Easthampton Town Code § 91-4 (D) provides that no person shall erect a dock on any beach without obtaining the necessary permits "including those required by the Trustees." The petitioner alleged that the respondent's denial of his application constituted discriminatory treatment, submitting photographs of other docks in the area in support of his claim. However, as noted by the Supreme Court, the petitioner did not establish when these docks were constructed.

The denial of the permit is supported by evidence of environmental concerns incorporated in a comprehensive plan (*see* Easthampton Town Code § 255-5-50 [8]) and constituted a reasonable regulation of the petitioner's riparian rights (*see Matter of Poster v Strough,* 299 AD2d 127 [2002]).

This proceeding challenged the denial of the permit, not the validity of Resolution No. 157 of 1987 of the respondent, prohibiting construction of all new docks in the southerly portion of Three Mile Harbor. The resolution was not mentioned in the petition. The petitioner claimed in his reply papers that he had no opportunity to challenge its validity. However, the propriety of the denial of the permit was not contingent upon the validity of the resolution. Accordingly, the instant proceeding was in the nature of a proceeding pursuant to CPLR article 78, not an action for a declaratory judgment (*see Town of Fishkill v Royal Dutchess Props.,* 231 AD2d 511 [1996]; *Lane v Nyquist,* 59 AD2d 755 [1977]).

The petitioner's remaining contentions are without merit. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.