■ BERKSHIRE NURSING CENTER, INC., et al., Respondents, v ANTONIO NOVELLO et al., Appellants. [786 NYS2d 209]—

In an action, inter alia, for a judgment declaring that the Regulations of the Department of Social Services (18 NYCRR) § 540.6 (a) (1) is null, void, and of no effect on the ground of unconstitutionality, the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated June 2, 2003, which, upon, in effect, converting the action to a CPLR

article 78 proceeding, denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The defendants moved for summary judgment dismissing the complaint as time-barred contending that since the action should have been brought as a proceeding pursuant to CPLR article 78, a four-month limitations period applied (*see* CPLR 217). The Supreme Court, upon, in effect, converting the action to a CPLR article 78 proceeding, inter alia, determined that the statute of limitations was not a bar to such a proceeding and denied the defendants' motion for summary judgment dismissing the complaint as time-barred.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217). "For a determination to be final 'upon the petitioner' it must be clear that the petitioner seeking review has been aggrieved by it" (*Matter of Martin v Ronan,* 44 NY2d 374, 380 [1978]). "A determination generally becomes binding when the aggrieved party is 'notified'" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62, 72 [1989]). The burden rests on the party seeking to assert the statute of limitations as a defense to establish that its decision provided notice more than four months before the proceeding was commenced (*see Matter of Village of Westbury v Department of Transp. of State of N.Y., supra* at 73; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127 [1969]; *Matter of Chaban v Board of Educ. of City of N.Y.,* 201 AD2d 646 [1994]). The defendants failed to do so. The record reveals that there was a series of ambiguous communications between the parties, ending with a letter from the plaintiffs dated February 12, 2001. Since any ambiguity created by the defendants must be resolved against them (*see Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834 [1983]; *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 358 [1978]; *Matter of Castaways Motel v Schuyler, supra; Matter of Raffaele v Town of Orangetown,* 224 AD2d 430, 431 [1996]) and since, therefore, February 12, 2001, was the earliest date from which the statute of limitations could run, the proceeding was timely commenced.

Moreover, after the defendants established a prima facie case for summary judgment, the plaintiffs raised a triable issue of fact regarding whether the defendants' denial of reimbursement under 18 NYCRR 540.6 (a) was due to circumstances beyond

the plaintiffs' control, and whether exceptions to the statute made by the defendants were arbitrary. Therefore the defendants' motion for summary judgment was properly denied (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The defendants' remaining contentions are without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.