In the Matter of Long Island Sound Oyster, LLC, Respondent, v Board of Trustees, Town of Southold, Appellant. [837 NYS2d 261]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Town Trustees of the Town of Southold, incorrectly sued herein as Board of Trustees, Town of

Southold, dated February 16, 2005, which, after a hearing, denied the petitioner's application for a wetlands permit to construct a 130-foot by 10-foot dock on certain real property and granted the petitioner a wetlands permit to construct only a 100-foot by 10-foot dock on the real property, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered January 9, 2006, which granted the petition, annulled the determination, and directed the Board of Town Trustees of the Town of Southold, incorrectly sued herein as Board of Trustees, Town of Southold, to grant the petitioner's application and issue a wetlands permit to construct a 130-foot by 10-foot dock on the real property.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

The petitioner is the owner of certain real property in the Town of Southold, which it purchased in 2004 with the intent to farm oysters. The previous owner had obtained a wetlands permit from the Board of Town Trustees of the Town of Southold, incorrectly sued herein as Board of Trustees, Town of Southold (hereinafter the Board), to construct a 4-foot by 100-foot dock on the Mattituck Creek, but, at some point, had extended the dock to 130 feet in violation of the permit. After purchasing the land, the petitioner applied to the Board for a wetlands permit to enlarge the existing dock to 10 feet by 130 feet. A public hearing on the petitioner's application was conducted, culminating in a February 16, 2005, vote by the Board to permit the construction of a dock measuring only 10 feet by 100 feet.

After the vote, the petitioner submitted a series of revised plans to the Board, which proposed a dock 130 feet in length, but of varying widths. On May 5, 2005 the petitioner submitted plans for a dock that was only 100 feet long. Sometime after that date, the Board issued its written resolution approving the May 5, 2005 plans, and the permit, both undisputedly backdated to February 16, 2005.

In August 2005 the petitioner commenced this proceeding to review the Board's determination. The Board interposed a statute of limitations' defense, and sought dismissal of the petition on the merits as well. The Supreme Court rejected the statute of limitations' defense and granted the petition on the merits. We reverse.

A CPLR article 78 proceeding must be commenced "within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). The

Court of Appeals has identified two requirements for fixing the time when agency action is final and binding: "[f]irst, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). A determination generally becomes binding when the aggrieved party is notified (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]; *Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328 [2004]).

The Board voted on the petitioner's application on February 16, 2005 after presentations by the petitioner on three separate hearing days. The Board approved, with specificity, the 100-foot long by 10-foot wide dock as well as enumerated platforms, ramps, pilings, and floats. The petitioner was present at the vote on February 16, 2005 which was the final stage of the application process (*see* Southold Town Code former § 97-23 [E]; *cf.* Southold Town Code § 275-8 [E]). Accordingly, the Board's determination was final and binding on that date (*see Matter of Novillo v Board of Educ. of Madison Cent. School Dist.*, 17 AD3d 907, 909 [2005]).

Although the petitioner submitted revised plans after that date, these documents were required solely to allow the Board to issue its permit, and their submission thus does not alter the date on which the challenged determination became final and binding. Indeed, the revised plans included in the certified administrative record indicate that the petitioner was well aware by March 22, 2005, at the latest, that its application to construct a 10-foot by 130-foot dock would not be approved, when it submitted plans proposing a smaller dock. Accordingly, the instant proceeding was untimely and should have been dismissed (*see* CPLR 217 [1]; *Matter of Sanginario v New York City Tr. Auth.*, 296 AD2d 413 [2002]).

In any event, the Board's determination was not irrational, arbitrary, or capricious (*see* CPLR 7803 [3]; *Matter of Isle Harbor Homeowners v Town of Bolton Zoning Bd. of Appeals*, 16 AD3d 830, 831 [2005]; *Matter of Milone v Trustees of Freeholders & Commonality of Town of Easthampton, Long Is., N.Y.*, 6 AD3d 538, 539 [2004]; *Matter of Poster v Strough*, 299 AD2d 127, 142-143 [2002]). Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.