Lahtinen, J.
Appeal from a judgment of the Supreme Court (Kramer, J.), entered July 26, 2007 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motions to dismiss the petition.
The issue before us is whether petitioner’s CPLR article 78 proceeding was commenced in a timely fashion. Respondent Tioga Downs Racetrack, LLC owns a horse track in Tioga County that is operated by respondent Nevada Gold-Tioga Downs, Inc. (hereinafter NGTD). NGTD applied to respondent New York State Racing and Wagering Board (hereinafter Board) for a license to operate the track with pari-mutuel wagering, and for a license to receive simulcasts from other tracks and transmit simulcasts of its races. A temporary track permit was issued in May 2006 subject to various conditions such as satisfying inspections and complying with pertinent regulations. Subject to similar conditions, the Board approved, on June 5, 2006, a “temporary conditional simulcast license” for NGTD. Harness racing and simulcasting began on June 9, 2006.
Although Tioga Downs is located in petitioner’s region (see *1028 Racing, Pari-Mutuel Wagering and Breeding Law § 519 [1] [d]), petitioner refused to simulcast or accept wagers on races at Tioga Downs. Petitioner asserted that during the months following the opening of Tioga Downs, four of its branches had decreased revenues ranging 22% to 36%. This occurred not because races were conducted at Tioga Downs that petitioner refused to simulcast, but because NGTD simulcasted races from other tracks at Tioga Downs for its patrons (cutting into petitioner’s revenues). In a detailed letter in August 2006, the Board requested written submissions from petitioner and NGTD by September 1, 2006 regarding the dispute about simulcasting. By decision dated September 22, 2006, the Board ordered an amendment of petitioner’s plan of operation requiring it to accept simulcasts from Tioga Downs, with the condition that NGTD provide its simulcast signal to petitioner at no cost and be paid the statutory minimum commission by petitioner.
In January 2007, petitioner commenced this proceeding seeking to set aside the Board’s decision granting a simulcast license to NGTD. Respondents made separate motions to dismiss upon the ground that the Board’s determination was final and binding in June 2006 and, thus, the proceeding was barred by the four-month statute of limitations of CPLR 217 (1). After hearing arguments on the motion, Supreme Court ruled from the bench and granted respondents’ motions. Petitioner appeals.
The four-month time frame commences once an administrative determination “becomes final and binding upon the petitioner” (CPLR 217 [1]). The two requirements for determining finality in this context are: “the agency must have arrived at a definite position on the issue inflicting actual injury, and the injury may not be significantly ameliorated either by further administrative action or steps taken by the complaining party” (Matter of Comptroller of City of N.Y. v Mayor of City of N.Y, 7 NY3d 256, 262 [2006]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 547-548 [2006]). This rule is “easier stated than applied” (Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d at 197 [Smith, J., concurring] [characterizing the statute of limitations issue regarding government action as often “difficult”]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C217:l, at 520 [observing that determining whether an administrative determination is final is “often a thorny issue”]). *1029 * The policy underlying the short time frame recognizes that “the operation of government agencies should not be unnecessarily clouded by potential litigation” (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]).
An agency cannot, however, claim finality from an ambiguity that it created (see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978]; see also Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]). The Court of Appeals has instructed that, “when an administrative body . . . creates ambiguity,” a party desiring to challenge the determination “should not have to risk dismissal ... by necessarily guessing when a final and binding determination has or has not been made,” but instead “ ‘the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his [or her] day in court’ ” (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d at 358, quoting Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126-127 [1969]; Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d at 270). “Having created the ambiguity and impression of nonfinality, it [is] up to the [administrative body] to either make it clear what was or was not its [final] determination or, failing that showing, to abide by reasonable delays which it alone had engendered” (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d at 358 [internal quotation marks and citations omitted]).
Here, the use of the words “temporary” and “conditional” regarding the simulcast license connote, on their face, a nonfinality regarding the license or, at a minimum, inject ambiguity as to finality. Simply stated, something that is temporary and conditional is typically not, under ordinary usage of the English language, final. And, at oral argument, the parties acknowledged that not all the conditions attached to the license had been satisfied. Moreover, it is undisputed that during the summer of 2006, there were ongoing discussions among the Board, petitioner and NGTD, which arose from the granting of the simulcast license and reflected efforts by petitioner to obtain some amelioration of the impact upon it of the simulcasting allowed NGTD by the Board. Written submissions were elicited and, while the precise issue ultimately addressed by the Board in September 2006 was not identical to the relief that petitioner seeks in this proceeding, all the issues were related and inter *1030 twined with the decision to permit simulcasting by NGTD. It did not become clear that no further amelioration would occur until the Board’s decision dated September 22, 2006. Accordingly, the petition filed in January 2007 should not have been dismissed as untimely.
Mercure, J.P, Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motions denied, and matter remitted to the Supreme Court to permit respondents to serve answers within 30 days of the date of this Court’s decision.

 Indeed, Supreme Court acknowledged that “this is a tough issue, no question about it.”