■ In the Matter of MICHAEL BROOKE WEBSTER, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents. [874 NYS2d 405]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 10, 2007, which, in a CPLR article 78 proceeding challenging respondent Police Department's determination to dismiss petitioner as an Auxiliary Police Officer, after a hearing, granted respondent's cross motion to dismiss the petition as barred by the statute of limitations, unanimously reversed, on the law, without costs, the cross motion denied, and the matter remanded for further proceedings.

Petitioner testified, without contradiction, that several months after being told not to go out on patrol, he was instructed to attend a "fact-finding" interview with the Internal Affairs Bureau (IAB), that the interview concerned the engagement of fundraisers by an auxiliary police association of which petitioner was president, and that petitioner was assured that there would be a second interview at which he would have an opportunity to bring in additional information he did not have with him because he was not informed in advance of the subject of the interview, but that the second interview never took place. Instead, about six weeks later, petitioner received a phone call instructing him to turn in his badge and ID. The Commanding Officer of the Auxiliary Police testified that when petitioner called him the next day for an explanation, he told petitioner that he was being terminated because of the results of the IAB investigation into petitioner's association with an internet telemarketing company, that the termination could not be changed to a resignation, and that the order came straight from the Commissioner himself. The Commanding Officer also testified that he did not share with petitioner a report about the investigation and other items of information in his possession because the conversation was "too quick" to "go into specific[s]," that an instruction to turn in a badge and ID is consis-

tent with a suspension, and that the process of termination for disciplinary reasons, which would ordinarily involve an administrative hearing with notice of charges, in this instance was "totally out of the ordinary." Petitioner, for his part, denied the substance of the Commanding Officer's testimony, testifying that the latter made it clear that he simply had no information to give.

Supreme Court did not explicitly credit the Commanding Officer's testimony that he had told petitioner that he was being terminated. Instead the court found that the Commanding Officer "confirmed" the instruction to petitioner to turn in his badge and ID, and that such instruction, together with petitioner's inactive status and the IAB interview, had to have given "any reasonable person in [petitioner's] position" notice that he was being terminated. We disagree. The instruction was admittedly consistent with a suspension, and was especially ambiguous here since petitioner had already been placed on inactive duty, an apparent de facto suspension. Furthermore, respondent's own auxiliary patrol guide provides for specific due-process procedures to be followed when charges are brought seeking dismissal of an auxiliary officer, including a hearing at which the testimony is to be taped, but none of these procedures were followed here. Assuming, as respondent argued before Supreme Court, that the Commissioner, who made the decision to terminate petitioner, need not comply with these procedures, the failure to do so added to the ambiguity of the purported notice. In short, we find that respondent failed to carry its burden of demonstrating that it gave petitioner unambiguous notice of his termination. Accordingly, the four-month statute of limitations began to run, not on the date in late December 2004, when petitioner spoke with the Commanding Officer, but on January 30, 2006, when petitioner's counsel was advised that he had been terminated (*see Matter of Vadell v City of New York Health & Hosps. Corp.*, 233 AD2d 224, 225 [1996], citing, inter alia, *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *see also City of New York v State of New York*, 40 NY2d 659, 670 [1976]). Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.