In the Matter of SURTON CONSTRUCTION CONTRACTING CORP., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents. [916 NYS2d 157]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority dated April 16, 2008, which, inter alia, permanently disqualified the petitioner from bidding on or receiving any further work from the New York City School Construction Authority, to compel the New York City School Construction Authority to

remove from the New York City Vendex System the disqualification of the petitioner from bidding on or receiving any further work from the New York City School Construction Authority, and to compel the New York City Housing Authority to award a certain contract to the petitioner, the petitioner appeals from a judgment of the Supreme Court, Queens County (Sampson, J.), entered June 26, 2009, which dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents.

In April 2008, the respondent New York City School Construction Authority (hereinafter the SCA) "disqualified permanently" the petitioner, Surton Construction Contracting Corp. (hereinafter Surton), from bidding on or receiving any work from the SCA, and removed Surton from its "prequalification" list. These actions were based on the SCA's finding that Surton's owners had "engaged in a persistent and repeated pattern of knowingly and intentionally submitting false and misleading information to the SCA in connection with the prequalification review process." The SCA forwarded pertinent information regarding the disqualification for inclusion in the Vendor Information Exchange System (hereinafter Vendex), a computerized database maintained by the Mayor's Office of Contract Services containing detailed information on contractors who had worked for New York City or a related City agency. Subsequently, Surton requested that the SCA reconsider its determination, but such reconsideration never took place because Surton failed to furnish the information the SCA requested. Surton subsequently bid on several projects to be awarded by the respondent New York City Housing Authority (hereinafter NYCHA), but was notified that, because of Surton's disqualification from bidding on SCA contracts, NYCHA would not consider its bids.

In September 2008, Surton commenced this CPLR article 78 proceeding, seeking, in effect, to be removed from the SCA's disqualification list and to be awarded a specified contract with NYCHA. The Supreme Court dismissed the petition insofar as asserted against the SCA on the ground that it had been commenced beyond the four-month statute of limitations, and insofar as asserted against NYCHA on the ground that it was premature.

A petitioner may commence a CPLR article 78 proceeding seeking review of an administrative determination only after the determination has become final and binding, and must do so within four months thereafter (*see* CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-195 [2007]; *Matter of Lion Constr. Corp. v New York State Dept.*

*of Labor,* 266 AD2d 394, 395 [1999]). A determination is "final and binding" when the agency has taken a "definitive position on the issue that inflicts actual, concrete injury" and when the petitioner has exhausted administrative remedies (*Walton v New York State Dept. of Correctional Servs.,* 8 NY3d at 194 [internal quotation marks omitted]). "A determination generally becomes binding when the aggrieved party is notified" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62, 72 [1989] [internal quotation marks omitted]; *see Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834 [1983]; *Matter of Long Is. Sound Oyster, LLC v Board of Trustees, Town of Southold,* 40 AD3d 1098, 1100 [2007]).

Here, the SCA met its burden of showing that Surton failed to commence this proceeding within four months after the determination became final and binding (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d at 72; *Matter of Brown v New York State Racing & Wagering Bd.,* 60 AD3d 107, 113 [2009]; *Berkshire Nursing Ctr., Inc. v Novello,* 13 AD3d 327, 328 [2004]). Further, Surton's request for reconsideration of the SCA's final and binding determination did not extend or toll the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.,* 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]; *Matter of Eldaghar v New York City Hous. Auth.,* 34 AD3d 326, 327 [2006]; *Matter of Drake v Reuter,* 27 AD3d 736, 737 [2006]).

Moreover, since Surton commenced this proceeding against NYCHA before it exhausted its administrative remedies with respect to NYCHA, and it failed to show that resort to the available administrative remedies would have been futile, the proceeding was premature insofar as asserted against NYCHA. Consequently, the Supreme Court properly dismissed the petition in its entirety (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; *cf. Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation,* 87 NY2d 136 [1995]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.