■ In the Matter of AALBA AUTO SALVAGE, INC., Appellant, v JOHN J. DOHERTY, Respondent. (Proceeding No. 1.) In the Matter of AALBA AUTO SALVAGE, INC., Appellant, v JOHN J. DOHERTY, Respondent. (Proceeding No. 2.) [923 NYS2d 636]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Commissioner of the New York City Department of Sanitation to award the petitioner certain contracts (proceeding No. 1), and a related proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of an Assistant Commissioner of the New York City Department of Sanitation dated February 25, 2010, finding, in effect, that Aalba Auto Salvage, Inc., was not a "responsible contractor" (proceeding No. 2), the petitioner appeals from (1) a judgment of the Supreme Court, Queens County (Kerrigan, J.), entered April 7, 2010, which denied the petition in proceeding No. 1 and dismissed that proceeding, and (2) a judgment of the same court dated April 27, 2010, which denied the petition in proceeding No. 2 and dismissed that proceeding.

Ordered that the judgments are affirmed, with one bill of costs.

In 2009, the New York City Department of Sanitation solicited bids on three contracts for the removal of derelict vehicles in Queens and Bronx Counties whereby the successful bidder would pay the New York City Department of Sanitation for the vehicles it removed. Aalba Auto Salvage, Inc. (hereinafter Aalba), the highest bidder on the subject contracts, seeks, inter alia, in effect, to annul the determination of the New York City Department of Sanitation that Aalba is not a "responsible contractor" (9 RCNY 2-08 [b] [1]) and, therefore, cannot be awarded those contracts (see 9 RCNY 2-08 [a] [1]). Aalba could have pursued an administrative appeal challenging that determination (see 9 RCNY 2-08 [h] [2]; [j], [k], [m]), but failed to do so. In light of Aalba's failure to exhaust an available administrative remedy, the Supreme Court properly denied that branch of the petition in proceeding No. 2 which was, in effect, to annul the finding, in effect, that it was not a responsible contractor (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; cf. Matter of Surton Constr. Contr. Corp. v New York City School Constr. Auth., 81 AD3d 654, 656 [2011]).

Aalba's remaining contentions, including those pertaining to the judgment in proceeding No. 1, are without merit. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.