In the Matter of DEIRDRE RANDLES, Appellant, v STATE OF NEW YORK UNIFIED COURT SYSTEM, Respondent. [9 NYS3d 50]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered March 11, 2014, which granted respondent's motion to dismiss the proceeding, denied the petition seeking to annul respondent's determination dated March 7, 2011, which terminated petitioner's employment as a Principal Court Reporter, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Supreme Court correctly dismissed the proceeding as time-

barred. Petitioner failed to commence this proceeding within four months of receiving notice of respondent's determination (CPLR 217 [1]; *Matter of Vadell v City of New York Health & Hosps. Corp.*, 233 AD2d 224, 225 [1st Dept 1996]). The tolling provision set forth in CPLR 204 (b) does not avail petitioner, since she did not make her demand for arbitration until after the expiration of the four-month statute of limitations (*cf. Joseph Francese, Inc. v Enlarged City School Dist. of Troy*, 95 NY2d 59, 61-62 [2000] [toll applied where the plaintiff served a demand for arbitration within the applicable statute of limitations]).

We find no basis for applying the doctrine of equitable estoppel to toll the period between petitioner's termination and her demand for arbitration. The record shows that, before the expiration of the statute of limitations, petitioner knew or should have known of the proper mechanisms to challenge respondent's determination (*see Zumpano v Quinn*, 6 NY3d 666, 674 [2006] [equitable estoppel did not apply where the plaintiff had sufficient knowledge to bring a timely action]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, DeGrasse and Kapnick, JJ.